IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Manigo, | ) Civil Action No.: 0:13-cv-3185-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Carolyn W. Colvin, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, Adrian Manigo ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits under Titles II and XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On November 12, 2014, the magistrate judge issued a Report and Recommendation in which she determined that the Commissioner's decision was based on substantial evidence and free of legal error. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 24.) The plaintiff filed Objections on December 4, 2014 (ECF No. 25), and on December 11, 2014, the Commissioner filed a Reply (ECF No. 26). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 32 years old at the time of his alleged disability onset date. (R. at 143.) The plaintiff's applications were denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on August 6, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 18-29.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on November 22, 2013 (ECF No. 1).

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 24 at 20.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the

Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court

3

disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on December 4, 2014 (ECF No. 25), and the Commissioner filed a reply on December 11, 2014 (ECF No. 26). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged (1) failure to properly evaluate his residual functional capacity; (2) failure to properly consider the opinion of Dr. Judith Treadway; and (3) failure to properly evaluate the plaintiff's credibility. The Court will consider each specific objection in turn.[1]

**I.    Residual Functional Capacity**

The plaintiff first argues that the ALJ improperly discounted his symptoms of conversion disorder, including right-sided weakness and tremors, in finding the plaintiff could frequently reach, handle, finger, and feel. The plaintiff reiterates his contention that

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

the ALJ failed to provide a "bridge" between the evidence and the limitations in the residual functional capacity ("RFC"). This objection is not new; the magistrate judge thoroughly met it, and the plaintiff does not describe any misconsideration. Even still, the Court would say, briefly, the following.

The ALJ discussed the specific evidence of record that supported his findings. As the magistrate judge found, the ALJ "discussed medical records from October 2009 and February through May 2011 that included reports of Bell's palsy, mild weakness of the right side of [Plaintiff's] face, paresthesia and weakness of the right upper extremity, slurred speech, hearing loss in the right ear, and facial droop." (ECF No. 24 at 6.) By March 2012, however, the plaintiff himself "reported his symptoms of conversion continued to dissipate and his speech was normal and he was able to write better." (R. at 26.) The plaintiff's treatment notes related to his conversion diagnosis consistently indicated his symptoms were significantly improved. (R. at 26-27, 468-70, 473, 477, 481.) Even as the records indicated improvement, the ALJ included significant restrictions in the RFC, including limitations to only frequent reaching, handling, fingering, and feeling. (R. at 22, 440-42); *cf. Hicks v. Colvin*, No. 12-618, 2014 WL 670916, at *18 (W.D. Va. Feb. 20, 2014) (no error in ALJ's restrictive RFC assessment that plaintiff could frequently handle, finger, and feel, as plaintiff's treating physician did not offer specific functional restrictions or limitations and the RFC sufficiently accounted for plaintiff's CREST syndrome diagnosis). The magistrate judge properly found the ALJ's RFC was supported by substantial evidence.

The plaintiff argues evidence that he could not point from nose to finger or perform rapid alternating hand movements. (R. at 382.) The plaintiff was also treated for severe right hemiparesis. (R. at 414-417.) That the plaintiff can produce conflicting evidence,

5

which might have resulted in a contrary interpretation, is of no moment. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted, the magistrate judge detailed substantial evidence relied upon by the ALJ.  It is enough.

## II.     Treating Physician Opinion

The plaintiff has also objected to the magistrate judge's consideration of Dr. Judith Treadway's opinion.  The plaintiff contends that the magistrate judge found that Dr. Treadway's disability opinion was not entitled to any special significance, as opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.  *See* Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *1-2 (July 2, 1996); *see also Morgan v. Barnhart*, 142 F. App'x 716, 722 (4th Cir. 2005) (physician's statement that plaintiff "can't work a total of an 8 hour day" is a legal conclusion with no evidentiary value). The plaintiff first objects that this was "post hoc rationale" insofar as the ALJ did not originally cite this reason for granting less weight to Dr. Treadway's opinion. The Court agrees with the defendant, however, that the magistrate judge's remark in this respect is largely preamble.  In other words, the magistrate judge was recognizing that well-established legal axiom, before proceeding to explain why the ALJ's decision to give little weight to Dr. Treadway's opinion was otherwise supported by substantial evidence. (ECF No. 24 at 10-11.)

The plaintiff also contends that his conversion disorder is not stagnant and that the magistrate judge did not consider his argument that the ALJ did not properly recognize its quality to "wax and wane."  For instance, the plaintiff has emphasized that symptoms existed in 1999 for six months, then again in 2003 for 1 to 2 months, and again in 2007

before his current episode. (R. at 399.) The plaintiff cites other evidence that the magnitude of his symptoms vacillated. (R. at 354.)

The magistrate judge recognized the plaintiff's argument that his condition was not constant. (ECF No. 24 at 10.) And, she cited the ALJ's review of Dr. Treadway's most recent notes, in October 2011 and March 2012, that the condition had improved. *See id.* (citing R. at 27).) It is not clear to the undersigned that evidence of more volatile symptomology, from 2007 and before, renders the ALJ's view, based on more recent treatment notes, of a more constantly improved condition, unsubstantiated. Regardless, such a conclusion would effectively constitute an impermissible exercise in evidentiary weighing by this Court.

The plaintiff argues that while Dr. Treadway indicates that the plaintiff was "doing fair" at the time, the letter nonetheless states that the plaintiff would be extremely prone to stress in the workplace and could develop physical symptoms without clear explanation. (R. at 511.) The ALJ specifically quotes this language but cites evidence that Dr. Treadway's notes do not actually reflect such variability. (R. at 27.) The ALJ recognized that, by "March 2012, the plaintiff's symptoms of conversion disorder continued to dissipate, his speech was normal, and he was able to write better. (Exhibit 27F/6)." *Id*. This rationale is not directly challenged. Symptom history from 5 years prior does not undermine the ALJ's view of Dr. Treadway's opinion and treatment notes specifically.

The record contains some conflicting medical evidence and the ALJ performed his duty to consider and weigh that evidence and resolve the conflicts. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (courts may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

[Commissioner]"). The ALJ supported his decision that Dr. Treadway's opinion was entitled to little weight, in part, by noting that the plaintiff's treatment records from Dr. Treadway, and the plaintiff's own reports, indicated the plaintiff's condition had improved. (ECF No. 24 at 11). There was no error in the ALJ's consideration of the opinion evidence.

The plaintiff also summarily complains that neither the ALJ nor the Magistrate Judge discussed the possibility of the presence of a disability during a closed period of time. (ECF No. 25 at 4.) As far as the Court can tell, this issue was not raised in the initial brief of the plaintiff for the magistrate judge's consideration. Regardless, it is not seriously argued or supported on objection.

### III.    Plaintiff's Credibility

The plaintiff next objects to the magistrate judge's consideration of the ALJ's credibility assessment. Overall, the undersigned finds that the ALJ's discussion was thorough and in keeping with the regulatory requirements of 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). (ECF No. 24 at 13-20); *see Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."). The magistrate judge quoted from the ALJ's explanation substantially. (ECF No. 24 at 15-17.) The plaintiff complains that certain evidence was not expressly explained, even as it was acknowledged. The magistrate judge already indicated the well-established authority that not every piece of evidence must be cited or discussed. *Id*. at 17. The plaintiff questions why the ALJ failed to explain how a diagnosis of Bell's palsy, mild weakness of the right side of the face, parathesias and weakness of the right upper extremity, slurred speech,

hearing loss in the right ear, and facial droop are somehow contradictory to the plaintiff's subjective allegations. Respectfully, this kind of passive-aggressive framing is unpersuasive. As noted, the conditions were acknowledged. Of course not every piece of evidence must be inconsistent with the plaintiff's testimony for him to be found incredible. Some will be corroborative. (ECF No. 24 at 6.) The simple fact that the ALJ did not reconcile every piece of evidence is not error. That is all that is complained about in this respect.

The plaintiff lastly complains about the magistrate judge's consideration of his depression and any affect it may have had on his ability to work. The magistrate judge has sufficiently answered this concern:

> [T]he plaintiff's reliance on selective records demonstrating that [he] ha[d] depression fails to demonstrate that the ALJ's finding that [Plaintiff's] symptoms were improving is unsupported by substantial evidence. Notably, the ALJ found [Plaintiff's] depressive disorder was a severe impairment and giving [Plaintiff] the benefit of the doubt limited him to "simple, routine, repetitive tasks in a low stress work environment."

(ECF No. 24 at 19); (R. at 26). There was no error in the ALJ's finding or the magistrate judge's affirmation of it.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                    <u>/s/Bruce Howe Hendricks</u>
                    United States District Judge

January 6, 2015
Greenville, South Carolina